*107 DISSENTING OPINION by
President Judge PELLEGRINI.
This case involves whether the City of Philadelphia may refuse to disclose certain reports submitted to the City’s Planning Commission by the Partnership Community Development Corporation (Partnership CDC) regarding the development of the 60th Street Corridor (Corridor) for residential and commercial purposes. Even though this information was going to be considered by the City Planning Commission in its deliberations and recommendations regarding this Corridor, the City denied Ali’s request submitted under the Right-to-Rnow Law (RTKL)[1] for information because the Partnership CDC had copyrighted portions of those reports.
The issue in this case then is whether a person who seeks governmental approval of an action can foreclose the copying of information that it submits just because it decides to assert its copyright in the material.
The Federal Copyright Act provides copyright owners the “exclusive rights to do and to authorize” reproduction and distribution of their copyrighted works. 17 U.S.C. § 106(1), (3). As the majority points out, unless the copyright holder has consented to duplication, the duplication of the copyrighted material under the RTKL carries the risk that the copyright holder will sue the local agency for infringement in federal court.[2]
However, reproduction and distribution by a third party “for purposes such as criticism, comment, ... scholarship, or research[] is not an infringement of copyright;” and is, instead, a lawful and “fair use.” 17 U.S.C. § 107. This “fair use” doctrine is an equitable rule of reason and each case must be decided on its facts. A court must consider the purpose and character of the use, the nature of the copyrighted work, the amount and substantiality of the portion used in relation to the copyrighted work as a whole, and the effect of the use on the potential market for or the valúe of the copyrighted work. Twin Peaks Productions, Inc. v. Publications Int’l Ltd., 996 F.2d 1366 (2d Cir. 1993). The scope of the doctrine is wider when the use relates to issues of public concern. National Rifle Ass’n v. Handgun Control Federation, 15 F.3d 559 (6th Cir.), cert. denied, 513 U.S. 815, 115 S.Ct. 71, 130 L.Ed.2d 26 (1994); Consumers Union of U.S., Inc. v. Gen. Signal Corp., 724 F.2d 1044 (2d Cir.1983), cert. denied, 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984). The public benefit resulting from the particular use of copyrighted work need not necessarily be direct or tangible, but may arise because the . challenged use serves a public interest. Sega Enterprises, Ltd. v. Accolade, Inc., 977 F.2d 1510 (9th Cir.1992).
In this case, the Partnership CDC is not unaware of the underlying RTKL proceeding. In fact, it has filed an affidavit opposing the release of the information stating only that it holds a copyright on the materials as part of its proposed redevelopment project that were withheld, and that it would suffer competitive- harm- if the information was released.- In essence, it contends that the material should not be released, let alone copied.' However, it does not contend that the material should not be released because it does not fall within *108 the fair use doctrine. That is not surprising, given that the information that it sought to protect from disclosure or copying is being used to seek governmental approvals, making any claim that it did not fall within the fair use doctrine spurious. Because the Partnership CDC does not contend that the materials do not fall within the fair use doctrine, I would hold that copying of the requested information is permitted for that reason alone.
However, I would go further. Under Section 302(a) of the RTKL an agency “shall provide public records in accordance with this act.” 65 P.S. § 67.302(a). Moreover, under Section 701(a), “[u]nless otherwise provided by law, a public record ... shall be accessible for inspection and duplication in accordance with this act.” 65 P.S. § 67.701(a). The “otherwise provided by law” goes to where there are other laws prohibiting the release of information such as tax returns. It does not apply to instances where a party can decide whether information can be released by copyrighting or refusing to allow copying a document on which it seeks official action. If that were so, a party, just by asserting its copyright could foreclose its duplication; it would have the effect of ceding control to a private party over what records involving an official action that an agency can disseminate.
Consequently, I would hold that when a party gives documents that are specifically prepared as part- of an application or proposal to an agency to take action, then it is presumed to waive any copyright protection to the material regarding the right to access and duplication. If a party specifically claims copyright protection of the documents on which it seeks an agency action, I would hold that the agency cannot receive or use them in the consideration of any requested official action.
If we hold otherwise, we totally frustrate the purpose of the RTKL which is to promote access to government information in order to prohibit secrets, permit scrutiny of the actions of public officials, and make public officials accountable for their actions. Levy v. Senate of Pa., 619 Pa. 586, 65 A.3d 361, 381 (2013).
Accordingly, I respectfully dissent.

. 17 U.S.C. § 412 allows damages to be received for copyright infringement, so long as the registration for the copyright occurs within three months of the publication of a work. The affidavit herein did not mention whether the copyright was registered within three months.